ISAAC C. GITHENS and others, appellants,

*v.*

WILLIAM W. GOODWIN, administrator, respondent.

An order of the orphans court, refusing to set aside a decree allowing the final settlement of an administrator's account,—*Held*, to be appealable, and reversed, and the decree allowing the account set aside where no notice of such settlement was given, and the account was passed five days after it had been filed.

On appeal from decree of Camden orphans court.

*Mr. J. Eugene Troth*, for appellants.

THE ORDINARY.

Pursuant to citation to account, issued against him at the instance of the guardian of some of the next of kin of his intestate, the respondent filed his final account in the orphans court of Camden county, May 26th, 1876. By their sentence or decree of May 31st, 1876, five days afterwards, the court allowed the account as audited and stated by the surrogate. On June 26th, 1876, on application in behalf of certain others of the next of kin, an order requiring the respondent to show cause, August 7th, 1876, why the decree allowing the account should not be opened and set aside, was granted. On the 7th of August, 1876, the appellants, who are three of the daughters of the intestate, with their husbands and two infant grandchildren of the intestate (children of one of his deceased daughters), appearing by guardian, filed what are called in the record "exceptions to the allowance of the account and the decree thereon." They were, in fact, reasons for setting aside the decree. The reasons were, that no notice of settlement had been given, and that the settlement was made without the knowledge of the applicants for the order to show cause, and that

Githens *v.* Goodwin.

the account was erroneous and unjust in certain important particulars specified.

On the 12th of January, 1877, the court, having heard the matter, by their decree, stating that there was no proof to their satisfaction, of fraud or mistake, in their sentence or decree on the final settlement and allowance of the account, "dismissed the exceptions," and confirmed that decree. From the decree of 1877, the applicants for the order to show cause appealed.

It appears clearly, by the proof, that there was no notice whatever of the settlement, and the account was settled without the knowledge of the appellants. It was allowed in five days after it was filed. The provision of the statute that there shall be at least two months' notice of settlement, and that the account shall, after being audited, be on file for at least twenty days previously to being presented to the court for confirmation and allowance, was wholly disregarded. Apart from the fact that, were frauds or mistakes proved against the respondent to a very considerable amount (as to which, however, the court declared themselves not satisfied), the court had the power, and ought to have exercised it, to open the decree for want of compliance with the provisions of the statute just referred to, as to notice and filing alone. *Trimmer* v. *Adams, 3 C. E. Gr. 505; Clement's Appeal, 10 C. E. Gr. 508.*

Under such circumstances, the discretion which the orphans court is bound to exercise is a legal discretion. Definite rules of law—the provisions of the statute—were violated. The order applied for was not a discretionary one, which did not touch the merits or affect the rights or interests of the appellants. It was a matter of right which the court were bound to grant under the circumstances, because of the violation of the provisions of the statute, and because the fraud or mistake was proved. *Engle* v. *Crombie, 1 Zab. 614.* An appeal, therefore, lies from their order refusing to set aside the decree. *Nat. Bank of the Metropolis*

v. *Sprague, 6 C. E. Gr. 458; Powell on Appellate Proceedings* § *78.*

The order appealed from will be reversed, and the decree allowing the final account set aside, and the proceedings will be remitted to the orphans court to be proceeded in according to law.